UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JAMES SONNIER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-08-25 |
| | § | |
| BAKER HUGHES OILFIELD OPERATIONS, INC., *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Intech Industries, Inc.'s ("Defendant")[1] Motion for Dismissal Under FRCP 12(b)(6), filed November 17, 2009 (Dkt. No. 64). Because more than 20 days have passed and Plaintiffs James and Kim Sonnier ("Plaintiffs") have not responded, Defendant's motion is therefore deemed unopposed. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling twenty days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). Although unopposed, the Court has considered the merits of Defendant's motion and is of the opinion that it should be GRANTED.

**I. Background**

This action arose out of an incident that occurred while Plaintiff James Sonnier was working onboard the Matagorda Island 605 rig, a stationary platform fixed to the Outer Continental Shelf off the Texas Gulf Coast. Mr. Sonnier alleges he was injured when a defective pressure relief valve/actuator blew, hitting his right lower arm and causing horrific injuries. Invoking this Court's admiralty jurisdiction, Plaintiffs sued the owner/operator of the rig; the owner of the bonnet on the

---

1. Intech was incorrectly named in the caption of this lawsuit as Midwest Control Devices a/k/a Intech Industries, Inc..

rig; and the designers, manufacturers, marketers, distributors, sellers, and suppliers of the allegedly defective valve/actuator.

## II. Defendant's Motion to Dismiss

Defendant Intech contends it should be dismissed from this litigation pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have failed to state a claim upon which relief can be granted. Specifically, Defendant claims that "[u]nder Texas law, this Defendant is a 'non-manufacturing seller,' better known as an 'innocent retailer.'" (Dkt. No. 64 at 3 (citing TEX. CIV. REM. & PRAC. CODE § 82.001(3)).)[2] As such, Defendant claims it cannot be held liable because "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product" unless the claimant proves—or in this case, alleges—one of seven exceptions to the rule. *See* TEX. CIV. REM. & PRAC. CODE § 82.003(a).[3]

According to Defendant, "Plaintiff[s'] Fourth Amended Original Complaint alleges, but not in such words, that [Defendant] is an intermediary handler and/or seller of the valve in question . . . and [n]o proof exists from Plaintiff[s'] Complaint that any one (1) of the seven (7) exceptions might well apply." (Dkt. No. 64 at 3.) However, the Plaintiffs actually allege that Defendant Intech— along with Defendants Baker Hughes Oilfield Operations, Inc. d/b/a Baker Oil Tools; Control Devices, LLC and Control Devices, Inc, now doing business as CDI Energy Services Inc.; and Control Devices, LLC and Control Devices, Inc., now known as PFPK, Inc.—was "engaged in the business of designing, manufacturing, marketing, distributing, selling *and/or* supplying the relief

---

   2.  Because Matagorda Island 605 is a stationary platform fixed to the Outer Continental Shelf, the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq*, applies. *See Fruger v. Parker Drilling Co.*, 337 F.3d 558, 560 (5th Cir. 2003). Under OCSLA, the law of the state adjacent to the offshore tract governs any personal injury claims occurring on the platform. *Id.* Thus, Texas law governs Plaintiffs' claims in this case.
   3.  In order to overcome the general rule that sellers of defective products are not liable to persons injured by those products, Plaintiffs must allege that Defendant: (1) participated in the design of the product; (2) altered or modified the product;  (3) installed the product, or had the product installed; (4) exercised substantial control over the content of a warning and the warning or instruction was inadequate; (5) made an express, incorrect factual representation about an aspect of the product upon which Plaintiffs relied; (6) actually knew of a defect to the product at the time the seller supplied the product; or (7) that the manufacturer of the product is insolvent or not subject to the jurisdiction of the court. TEX. CIV. REM. & PRAC. CODE § 82.003(a)(1)—(7).

valve and/or actuator involved in the accident forming the basis of the lawsuit." (Dkt. No. 54 at 4 (emphasis added).) If Plaintiffs intend to allege that Defendant designed or manufactured the allegedly defective valve, then Plaintiffs have alleged a claim upon which relief can be granted, and Defendant's motion must be denied. *See* TEX. CIV. REM. & PRAC. CODE §§ 82.002 & 82.003(a)(1). However, because Plaintiffs lumped several defendants together, it is unclear on the face of their Fourth Amended Original Complaint whether Plaintiffs intend to allege that Defendant Intech was a designer or manufacturer of the valve, or merely an intermediary distributor, seller, or supplier.

Plaintiffs' failure to respond to Defendant's motion to dismiss suggests that Plaintiffs believe Defendant was an intermediary and they therefore have no claim against Defendant under Texas law. If this is not the case, however, Plaintiffs should not be prejudiced based upon the Court's mistaken interpretation. Plaintiffs may amend their complaint to clarify any allegation that Defendant was not merely an intermediary, but instead was a manufacturer or designer of the valve in question.

### III. Conclusion

Defendant's Motion for Dismissal Under FRCP 12(b)(6) (Dkt. No. 64) is hereby GRANTED, and Defendant Intech Industries, Inc. is dismissed. However, dismissal is without prejudice, and Plaintiffs are granted leave to amend their complaint within 30 days from the date of this Order, if they so desire.

It is so ORDERED.

SIGNED this 23rd day of December, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE