UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JAMES SONNIER,** *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-08-25** |
| | § | |
| **BAKER HUGHES OILFIELD** | § | |
| **OPERATIONS, INC.,** *et al*, | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Intech Industries, Inc.'s ("Defendant" or "Intech")[1] Second Motion for Dismissal Under FRCP 12(b)(6) (Dkt. No. 70), to which Plaintiffs James and Kim Sonnier ("Plaintiffs") have responded (Dkt. No. 74). After considering the motion, response, record, and applicable law, the Court is of the opinion that Defendant's motion should be **DENIED**.

**I. Factual and Procedural Background**

This action arose out of an incident that occurred while Plaintiff James Sonnier was working onboard the Matagorda Island 605 rig, a stationary platform fixed to the Outer Continental Shelf off the Texas Gulf Coast. Mr. Sonnier claims he was injured when a defective pressure relief valve/actuator ("the valve") blew, hitting his right lower arm and causing horrific injuries. Invoking this Court's admiralty jurisdiction, Plaintiffs sued the owner/operator of the rig; the owner of the bonnet on the rig; and the designers, manufacturers, marketers, distributors, sellers, and suppliers of the allegedly defective valve.

The Court granted Defendant's first Motion for Dismissal Under FRCP 12(b)(6) because Plaintiffs' Fourth Amended Original Complaint failed to state a claim upon which relief can be

---

1. Intech was incorrectly named in the caption of this lawsuit as Midwest Control Devices a/k/a Intech Industries, Inc..

granted. (*See* Dkt. Nos. 54, 64 & 68.) Under Texas law,[2] a "non-manufacturing seller" or "innocent retailer" cannot be held liable for harm caused by a product unless the claimant proves one of seven exceptions to the rule. *See* TEX. CIV. REM. & PRAC. CODE §§ 82.001(3) & 82.003(a).[3] Plaintiffs had alleged that Defendant—along with a number of other corporations—was "engaged in the business of designing, manufacturing, marketing, distributing, selling *and/or* supplying the relief valve and/or actuator involved in the accident forming the basis of the lawsuit." (Dkt. No. 54 at 4 (emphasis added).) In dismissing Intech as a party to this case, the Court explained:

> If Plaintiffs intend to allege that Defendant designed or manufactured the allegedly defective valve, then Plaintiffs have alleged a claim upon which relief can be granted, and Defendant's motion must be denied. *See* TEX. CIV. REM. & PRAC. CODE §§ 82.002 & 82.003(a)(1). However, because Plaintiffs lumped several defendants together, it is unclear on the face of their Fourth Amended Original Complaint whether Plaintiffs intend to allege that Defendant Intech was a designer or manufacturer of the valve, or merely an intermediary distributor, seller, or supplier.

(Dkt. No. 68 at 2.)

Dismissal was without prejudice, however, and the Court granted Plaintiffs 30 days leave to amend. In response, Plaintiffs timely filed their Fifth Amended Original Complaint, clarifying that "Defendant, Intech Industries, Inc., was engaged in the business of designing, manufacturing, marketing, distributing, selling, and/or supplying the relief valve involved in the accident forming the basis of the lawsuit." (Dkt. No. 69 at 5.)

---

2. Because Matagorda Island 605 is a stationary platform fixed to the Outer Continental Shelf, the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq*, applies. *See Fruger v. Parker Drilling Co.*, 337 F.3d 558, 560 (5th Cir. 2003). Under OCSLA, the law of the state adjacent to the offshore tract governs any personal injury claims occurring on the platform. *Id.* Thus, Texas law governs Plaintiffs' claims in this case.

3. In order to overcome the general rule that sellers of defective products are not liable to persons injured by those products, Plaintiffs must allege that Defendant: (1) participated in the design of the product; (2) altered or modified the product; (3) installed the product, or had the product installed; (4) exercised substantial control over the content of a warning and the warning or instruction was inadequate; (5) made an express, incorrect factual representation about an aspect of the product upon which Plaintiffs relied; (6) actually knew of a defect to the product at the time the seller supplied the product; or (7) that the manufacturer of the product is insolvent or not subject to the jurisdiction of the court. TEX. CIV. REM. & PRAC. CODE § 82.003(a)(1)—(7).

**II. Defendant's Second Motion to Dismiss**

Defendant acknowledges that Plaintiffs have stated a claim upon which relief can be granted with respect to their allegations that it designed and/or manufactured the allegedly defective valve. *See* TEX. CIV. REM. & PRAC. CODE §§ 82.002 & 82.003(a)(1). However, Defendant still contends that any claims against it for "marketing, distributing, selling, and/or supplying" the valve should be dismissed pursuant to Rule 12(b)(6).

After reviewing Plaintiffs' Fifth Amended Complaint, the Court is satisfied that Plaintiffs have sufficiently clarified that they intend to allege that Defendant Intech was a designer or manufacturer of the valve, and not merely an intermediary distributor, seller, or supplier. Thus, Plaintiffs have stated a claim upon which relief can be granted, and Defendant's motion should be denied.

**III. Conclusion**

Defendant's Motion for Dismissal Under FRCP 12(b)(6) (Dkt. No. 70) is hereby **DENIED**.

It is so **ORDERED**.

**SIGNED** this 24th day of February, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE